UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-326 (TFH) |
| | : | |
| JOSE L. SINTUJ-FLORES, | : | |
| | : | Plea Hearing Date: |
| Defendant. | : | |
| | : | UNDER SEAL |

**GOVERNMENT'S MOTION TO SEAL THE GOVERNMENT MOTION, CRIMINAL PLEA AGREEMENT AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal defendant's Information, the defendant's pleadings and all proceedings in the defendant's case, including the instant motion to seal. In support of this motion, the government states as follows:

The defendant in this case will enter a plea of guilty to the defendant's Information charging felony narcotics violations. The sealing is necessary because the attached motion and the defendant's plea agreement and related pleadings contain sensitive information, and disclosure of which would not be in the interest of either the defendants or the Government.

As part of the defendant's plea agreement, the defendant has divulged certain sensitive information to the government. Accordingly, it is essential that any information concerning the defendant's having a pending case in this district, as well as the fact of the defendant's pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's plea would likely compromise this ongoing criminal

investigation by: (1) placing the personal safety of the cooperating defendant(s), undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue the defendants's cooperation; (3) causing prospective witnesses, including the cooperating defendants, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence.  Each of these factors is particularly important in this instance because of this violent activity common to major narcotics violators in general and the defendant's former associates in particular.

It is common practice for individuals associated with drug organizations to check the public record in the Criminal Clerk's officer to ascertain whether the government has filed any pleadings under seal in cases against former associates.  It is common knowledge to drug organizations operating in this city that the docketing if a motion to seal a plea agreement or the filing of sealed pleadings in a narcotics case signals the fact that the charged defendant has agreed to cooperate with law enforcement.  Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:  (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents

that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleading have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

It is requested by the parties that Defendant's Information, plea agreement, and the Proffer of Evidence in this case signed by the parties be unsealed for the limited purpose for the Government to effect the forfeiture of the property described therein, that is for the purpose of supplying notice, to publish and to effectuate the final Consent Order of Forfeiture.

Defense counsel, Carmen Hernandez, Esquire has been advised of the contents of this motion and has informed the undersigned prosecutor of the defendant's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

    Respectfully submitted,

    JEFFERY A. TAYLOR
    UNITED STATES ATTORNEY
    Bar No. 498-610

By: _____
    MARTIN DEE CARPENTER
    Assistant United States Attorney
    Organized Crime & Narcotics Trafficking Section
    555 4th Street, N.W., Room No. 4116
    Washington, D.C.  20530
    (202) 514-7063

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 1st day of November, 2006, to counsel for Defendant Sintuj-Flores, Carmen D. Hernandez, Esquire, Via first class mail, postage prepaid, and by facsimile to (202) 628-2881, Suite No. 500, 601 Indiana Avenue, Northwest, D.C. 20004, Office No. (202) 628-0090.

 

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
(202) 514-7063

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-326 (TFH) |
| : | |
| JOSE L. SINTUJ-FLORES, : | |
| : | Plea Hearing Date: |
| Defendant. : | |
| : | **UNDER SEAL** |

## ORDER

Based on the representations in the Government's motion to seal the Government's motion, the Information, criminal plea agreements and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, this Court makes the following:

## FINDINGS OF FACT

Pursuant to the plea agreements in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal/grand jury narcotics investigations.

The general public is not aware that the defendant have agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation includes the possibility of covert activities which due to the nature of the investigation pose a substantial risk to the personal safety of the defendant, undercover agents and other law enforcement officials.

The public docketing at this time of any notice that the Government has filed a motion to seal the criminal Indictment and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion will

likely substantially jeopardize an ongoing criminal investigation and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Based on the representations in the Government's motion, and this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the Government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of November, 2006, hereby

ORDERED that this Order, and the attached Government motion to seal the criminal Indictment, other criminal information, other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the criminal plea agreements, all proceedings and all pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.

It is further

ORDERED that the Criminal Clerk's office shall not make any entry on the public docket in this case of the filing of the Government's motion, the criminal plea agreements, the Government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.

It is further

ORDERED that the case is unsealed for the limited purpose for the Government to effect the forfeiture of the property described therein, that is for the purpose of supplying notice, to publish and to effectuate the final Order of Forfeiture and to prosecute trials in related cases to this matter.

_____
JUDGE THOMAS F. HOGAN
United States District Court for
    the District of Columbia

cc:

Martin Dee Carpenter
Assistant United States Attorney
Criminal Division, Narcotics Section
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
Office No. (202) 514-7063
Facsimile No. (202) 616-2296
Email: martin.carpenter2@usdoj.gov

Esquire Carmen D. Hernandez
Suite No. 500
601 Indiana Avenue, Northwest
Washington, D.C. 20004
Facsimile No. (202) 628-2881
Office No. (202) 628-0090
Email: chernan7@aol.com

Clerk of the Court
United States District Court
for the District of Columbia