## HONORABLE THOMAS F. HOGAN, UNITED STATES CHIEF JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Docket No.: <u>CR-06-00326-001</u> |
| vs. | : SSN: <u>N/A</u> |
| SINTUJ-FLORES, Jose | : Disclosure Date: <u>July 6, 2007</u> |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

FILED
AUG 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government
(CHECK APPROPRIATE BOX)
(X) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    07-17-07
Prosecuting Attorney                 Date

#### For the Defendant
(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 8-30-07         _____ 8-30-07
Defendant        Date                 Defense Counsel   Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>July 20, 2007</u>, to U.S. Probation Officer <u>Michael Penders</u>, telephone number <u>(202) 565-1379</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

# Law Offices of Carmen D. Hernandez
717 D Street, N.W.
Suite 310
Washington, D.C. 20004
chernan7@aol.com

Telephone: 202-628-0090                                                Facsimile: 202-628-2881

August 6, 2007

Michael Penders
United States Probation Officer
555 4th Street, N.W.
Washington, D.C. 20530

      Re:    *United States v. Jose Sintuj-Flores,* Case No. CR-06-00326-01

Dear Mr. Penders:

      Thank you for providing me with a copy of Mr. Sintuj-Flores' preliminary PSR. Following are my objections, additions and corrections.

**Paragraph 4**

      Although Mr. Sintuj-Flores acknowledges his participation in a conspiracy involving more than 5 kilograms but fewer than 15 kilograms of cocaine, under relevant conduct (U.S.S.G. § 1B1.3, comment (n.2), he is accountable for less than 5 kilograms, that is the quantity reasonable foreseeable to him and within the scope of his agreement. *See United States v. Stover*, 329 F.3d 859, 874 (D.C. Cir. 2003) "A jury verdict convicting the defendants of participation in a single conspiracy does not obviate the need for ... individualized findings [as to the scope of a defendant's conspirational agreement] by the sentencing court." United States v. Childress, 58 F.3d 693, 722 (D.C. Cir.1995). The District Court "must make 'individualized findings ... linking each appellant's scope of participation in the conspiracy with the quantum of drugs attributed to [him].' " Id. (quoting United States v. Edmond, 52 F.3d 1080, 1105 (D.C. Cir.1995)). At most, Sintuj-Flores should be held liable for no more than the 1,032 grams that were delivered, which corresponds to an offense level 26.

**Paragraph 8**

      Mr. Sintuj-Flores should receive a mitigating role adjustment under U.S.S.G. § 3B1.2. As set out in the various paragraphs of the preliminary PSR, Sintuj-Flores was much less involved in the transaction. He did not arrange for the delivery, did not discuss or determine the price and did not control the quantity to be delivered. He also did not own the cocaine and stood to be paid only a set price for his participation.

**Practice Limited to Federal Courts**

**Paragraphs 12-22:  Offense Level Computation**

¶ 14:    Base Offense Level should be 26.[1]

¶ 17:    Mitigating Role should result in a -2 levels

¶ 19:    Adjusted Offense Level should be 22 (BOL 26, -2 (Safety Valve); - 2 (Role))

¶ 22:    Total Offense Level:   19 (Adjusted Offense Level - 3 for acceptance).  This corresponds to a sentencing range of 30 to 37 months.

**Paragraphs 64-67:  Factors That May Warrant Departure**

In addition to the *Smith* departure, the Sintuj-Flores' medical condition including high blood pressure and heart condition, which requires him to take prescription medication.  The prescription is *Coreg*, a beta-blocker normally prescribed for heart conditions and high-blood pressure.  *See* PSR at ¶ 33.  These conditions are hereditary.  His father died of a heart attack in 2003 in his mid-40's.  His mother, who is 45 and lives in Guatemala also suffers from a genetic heart ailment.  PSR at ¶¶ 27-33.  *See* U.S.S.G. § 5H1.4

Thank you for your consideration and for allowing me to have additional time to accommodate my trial and vacation schedule.

Please call me if you have any questions or concerns.

Very truly yours,

*Carmen D.  Hernandez*

Carmen D.  Hernandez

---

[1] In the alternative, his offense level should be 30 pursuant to U.S.S.G. § 2D1.1(c)(3), which provides: "except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels."